**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTWON D. GOLATTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2017-CV-00929 |
| vs. | ) | |
| | ) | Honorable John J. Tharp |
| CITY OF CHICAGO, a municipal corporation, | ) | Magistrate Sheila M. Finnegan |
| CHICAGO POLICE OFFICERS JAIME GAETA, | ) | |
| STAR# 17317, HARRY MATHEOS, STAR# | ) | |
| 18599, MATT DERCOLA, STAR# 15740, JAMES | ) | |
| WHIGHAM, STAR# 3462, KATHLEEN | ) | |
| SCHMIDT, STAR #11387, and DOES 1 through | ) | |
| 100, in their individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

Defendants, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387, by and through their attorneys, JOHNSON AND BELL, LTD., and for their Answer and Affirmative Defenses to Plaintiff's Complaint at Law, herein state as follows:

**INTRODUCTION**

1.      This cause of action is to redress the deprivation of Plaintiff's First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution that resulted in personal injuries, and request damages and prospective injunctive relief under 42 U.S.C.A. § 1983.

**ANSWER**:    **Defendants admit that this action is brought pursuant to 42 U.S.C. §1983, but deny that they engaged in any misconduct.**

2.      This court has jurisdiction to adjudicate Plaintiff's claims pursuant to 28 U.S.C.A. §§ 1331, 1343(1)(2)(3)(4), and 1367.

**ANSWER**:    **Defendants admit that this court has jurisdiction.**

3.    The acts or omissions giving rise to the Plaintiff's claims arose in County of Cook, and State of Illinois thus, pursuant to 28 U.S.C.A. § 1391(b)(2) venue is proper in the Northern District of Illinois, Eastern Division.

**ANSWER**:    **Defendants admit that venue is proper, but deny that they engaged in any misconduct.**

**PARTIES**

4.    During all relevant times in this Complaint, Plaintiff, ANTWON D. GOLATTE was and is a United States citizen, residing in Cook County, Illinois.

**ANSWER**:    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

5.    Defendant CITY OF CHICAGO is a local government in Illinois created and existing by virtue of the laws of Illinois. The CITY OF CHICAGO Police Department is a Department of Chicago. Defendant CITY of CHICAGO employs personnel of its Police Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the City of Chicago Police Department. Defendant has established policies and procedures for its Police Department regarding how to conduct traffic stops, the use of force, reporting Police Officer misconduct, and other relevant provisions. The acts and/or omissions alleged, were under color of authority, color of state law as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the City of Chicago. Defendant, CITY OF CHICAGO is liable for the actions of its employees.

**ANSWER**:  **The allegations in this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent an answer is required of these defendants; Defendants admit that the City of Chicago is a local government within the state of Illinois and that it is the employer of the Defendants. Defendants further admit that, at all relevant times, they were acting under color of authority, color of state law as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the City of Chicago.**

6.     Defendant OFFICERS JAIME GAETA, STAR# 17317, HARRY MATHEOS, STAR# 18599, MATT DERCOLA, STAR# 15740, JAMES WHIGHAM, STAR# 3462, and KATHLEEN SCHMIDT, STAR #11387 were at all times described, employees of the CITY OF CHICAGO'S Police Department and were acting within the course and scope of that employment. Each Defendant was the agent, employee, servant, partner, and/or co-conspirator of the other Defendants named in this Complaint. In doing the acts and/or omissions alleged, Defendants acted under color of law, and is sued in his or her individual capacity.

**ANSWER**:  **Defendants admit that they were employees of the City of Chicago's Police Department and that, at all relevant times, they were acting under color of law and within the scope of their employment.  Defendants deny the remaining allegations of this paragraph.**

7.     The true names and identities of Defendant CHICAGO POLICE OFFICERS DOES 1 through 100 ("DOES") are presently unknown to Plaintiff. Plaintiff uses the fictitious name DOES to designate these Defendants until their identities have been ascertained. At all times described, DOES was employees of the City Of Chicago's Police Department and were acting within the course and scope of that employment. Each Doe was the agent, employee,

servant, partner, and/or co-conspirator of the other Defendants named in this Complaint. In doing the acts and/or omissions alleged, DOES acted under color of law, and are sued in his or her individual capacity.

**ANSWER**: **The allegations of the paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent an answer to this paragraph is required; Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

### FACTS

8.     On February 7, 2015, at approximately 2:02 P.M. Plaintiff was traveling in his vehicle near 310 West 115th Street, Chicago, Illinois 60628 when Defendant Police Officers Jaime Gaeta and Harry Matheos notified Defendant Police Officers Matt Dercola and James Whigham by mobile phone, to conduct a traffic stop on Plaintiff.

**ANSWER**: **Defendants admit that on February 7, 2015, Officer Gaeta notified Officers Dercola and Whigham by mobile phone to conduct a traffic stop on Plaintiff, but deny the remaining allegations in this paragraph.**

9.     Defendant Police Officers Jaime Gaeta and Harry Matheos arrived at the scene minutes later and the Officers without probable cause, or any other lawful basis seized Plaintiff for an excessive period.

**ANSWER**: **Defendants admit that Officers Gaeta and Matheos arrived at the scene of the traffic stop within minutes after Officer Dercola and Whigham stopped Plaintiff. Defendants deny the remaining allegations in this paragraph.**

10.     In so doing, Defendants Gaeta, Matheos, Dercola, and Whingham were willful participants in joint activity with one another.

**ANSWER**:    **Defendants admit that Gaeta, Matheos, Dercola and Whigham were working with one another on the date of the incident. Defendants deny that they engaged in any misconduct and therefore deny the remaining allegations in this paragraph.**

11.    Plaintiff recognized Defendants Gaeta, Matheos, Dercola, from February 5, 2015, when they unconstitutionally searched and seized him by dumping his pizza onto the ground, made him stand barefoot in the snow, placed him in handcuffs, and searched his vehicle without his consent or a lawful basis.

**ANSWER**:    **Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph as they relate to whom plaintiff recognized. Defendants deny the remaining allegations in this paragraph.**

12.    On February 7, 2015, Plaintiff, fearful for his safety, called 911.

**ANSWER**:    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13.    As a result, Defendant Officers began yelling, using profanity, threatening violence, and pointed their firearms at Plaintiff.

**ANSWER**:    **Defendants deny the allegations in this paragraph.**

14.    Plaintiff lowered his driver's side window in an attempt to communicate with Defendant Officers, to no avail.

**ANSWER**:    **Defendants admit that plaintiff's driver's side window was lowered, but deny the remaining allegations in this paragraph.**

15.    Defendant Gaeta then stood on the running board Plaintiff's car, grabbed the inside of Plaintiff's driver side window, pulled, and shattered the glass.

**ANSWER**: **Defendants admit that Officer Gaeta stood on the running board of Plaintiff's car, but deny the remaining allegations in his paragraph.**

16. At all times relevant, Plaintiff was completely unarmed, had not committed any crime, and posed absolutely no threat to the Defendant Officers, or anyone else.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

17. Nevertheless, Defendants Gaeta and Matheos shot at Plaintiff at least five (5) times, injuring him.

**ANSWER**: **Defendants admit that Officers Gaeta and Matheos shot at Plaintiff five times. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

18. Three of the bullets entered Plaintiff's side and pierced his stomach and rib cage, barely missing his lungs. To this day, bullet fragments remain trapped in Plaintiff's body near his vital organs.

**ANSWER**: **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

19. Plaintiff was transported to Christ Hospital in Oak Lawn, Illinois after being shot, where he underwent lifesaving surgery.

**ANSWER**: **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

20. Plaintiff, who had done absolutely nothing wrong, was neither arrested nor charged with a crime between February 7-10, 2015.

**ANSWER**:    **Defendants deny the allegations in this paragraph relating to the plaintiff's actions.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

21.    While in Christ Hospital, Plaintiff filed a complaint with the Independent Police Review Authority (IPRA) against Defendants and on July 14, 2016, IPRA found that "Officer Gaeta's and Matheos' use of deadly force was therefore objectively unreasonable and a violation of policy." A copy of the final report is attached as Exhibit A and incorporated by reference.

**ANSWER**:    **Defendants admit that IPRA's final report is attached to Plaintiff's Complaint as Exhibit A and that their findings against Officers Gaeta and Matheos are noted therein.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

22.    After realizing the severity of Plaintiff's injuries, the Defendants each conspired to cover up the unconstitutional use of excessive force by Defendants Gaeta and Matheos.

**ANSWER**:    **Defendants deny the allegations in this paragraph.**

23.    In this manner, Defendants, acting in concert with each other, conspired and acted together to cover up and prevent disclosure of the misconduct alleged above by engaging in the following non-exhaustive conduct: completing false, misleading and incomplete official reports; giving of false statements regarding the circumstances of their detention of Plaintiff; providing false testimony at trial; and inventing false claims to justify the use of excessive force.

**ANSWER**:    **Defendants deny the allegations in this paragraph.**

24.    To protect their fellow officer, and pursuant to a code of silence, each Defendant initiated and/or continued the false and malicious prosecution of Plaintiff although they knew they lacked probable cause.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

25.     Defendants' sole purpose in causing and continuing the false charges against Plaintiff was malicious in that it was done to cover up their wrongdoing.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

26.     Plaintiff was arrested and later incarcerated at the Cook County Jail, from February 14, 2015 until April 1, 2015.

**ANSWER**:     **Defendants admit that Plaintiff was arrested, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

27.     On February 14, 2015, Plaintiff was ordered to be on home electronic monitoring with daily Sheriff Reporting at the Cook County Jail that was terminated on July 30, 2015.

**ANSWER**:     **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

28.     Defendants' allegations and the subsequent charges against Plaintiff for aggravated assault on four peace officers with a motor vehicle and criminal damages to government property were false, had no reasonable basis, and lacked probable cause.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

29.     On January 20, 2017, the prosecution was terminated in Plaintiff's favor when he was found not guilty on all counts after a trial that lasted three (3) inconsecutive days.

**ANSWER**:     **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

30.     Upon information and belief, the City of Chicago and Chicago Police Department failed to adequately investigate the shooting of Plaintiff or impose any discipline on any of the Defendant Officers until December 2016, almost two (2) years after the unlawful shooting.

**ANSWER**:     **The allegations in this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent an answer is required of these defendants; Defendants deny the allegations in this paragraph.**

31.     Defendant City of Chicago and other supervisory officials within the City, including within the Police Department, encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint.

**ANSWER**:     **The allegations in this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent an answer is required of these defendants; Defendants deny that they engaged in any misconduct, and therefore deny the allegations in this paragraph.**

32.     As a direct and proximate result of one or more acts or omissions of the Defendants, alleged above, Plaintiff suffered damages including but not limited to pain and suffering, humiliation, mental anguish, emotional distress, loss of liberty, lost time, interference with a normal life, the violation of Plaintiff's rights, and financial loss.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387 request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

**COUNT I: Excessive Force (42 U.S.C.A. § 1983)**
***Against All Individually-Named Defendants***

33.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth here.

**ANSWER**:     **Defendants re-state and re-allege their answers to all of the foregoing paragraphs as though fully set forth herein.**

34.     The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

35.     As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

**ANSWER**:     **Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387 request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### COUNT II: False Arrest (42 U.S.C.A. § 1983)
#### *Against All Individually-Named Defendants*

36.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

**ANSWER**:   **Defendants re-state and re-allege their answers to all of the foregoing paragraphs as though fully set forth herein.**

37.    Defendants' misconduct violated Plaintiff' right to be free from unreasonable seizures as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the Constitution of the United States.

**ANSWER**:   **Defendants deny the allegations in this paragraph.**

38.    As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

**ANSWER**:   **Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387 request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### COUNT III: Failure to Intervene (42 U.S.C.A. § 1983)
#### *Against All Individually-Named Defendants*

39.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER**:   **Defendants re-state and re-allege their answers to all of the foregoing paragraphs as though fully set forth herein.**

40.     Each Defendant knew the other Officers intended to falsely arrest and use excessive force against Plaintiff, had a reasonable opportunity to prevent the excessive force and false arrest, but failed to do so.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

41.     Defendants' misconduct was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to Plaintiff's rights.

**ANSWER**:     **Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

42.     Defendants' misconduct was undertaken pursuant to the policy, practice, and custom of the City of Chicago's Police Department.

**ANSWER**:     **Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

43.     As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

**ANSWER**:     **Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387

request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### COUNT IV: Conspiracy to Deprive Constitutional Rights (42 U.S.C.A. § 1983)

#### *Against All Individually-Named Defendants*

44.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER**:     **Defendants re-state and re-allege their answers to all of the foregoing paragraphs as though fully set forth herein.**

45.     As described more fully above, Defendants reached an agreement amongst themselves to harm Plaintiff and punish him for a crime he did not commit, and to thereby deprive him of his Constitutional rights.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

46.     In so doing, Defendant Officers conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

47.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in the joint activity.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

48.     As a result, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary

pleasures of life, loss of well-being, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

**ANSWER:** **Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387 request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### COUNT V: Monell Policy Claim
*Against Defendant City of Chicago*

49.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

**ANSWER:** **Defendants re-state and re-allege their answers to each of the foregoing paragraphs as thought fully set forth herein.**

50.    The Individual Defendants' excessive use of force, false arrest, failure to intervene, and conspiracy to deprive Plaintiff of his Constitutional rights, were all undertaken under pursuant to the policy, practice, and custom of Defendant City of Chicago's Police Department.

**ANSWER:** **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

51.    In establishing its procedures, Defendant City of Chicago has a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from

enforcing or continuing in effect policies and procedures that create a substantial likelihood that persons, such as Plaintiff, would be subjected to by Defendant City of Chicago's Police Officers' misconduct.

**ANSWER**: **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny that they engaged in any misconduct. Answering further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

52.     Likewise, Defendant City of Chicago has a duty to refrain from enforcing or continuing in effect policies and procedures that cause persons, such as Plaintiff, to be treated with reckless indifference by its agents, servants and employees.

**ANSWER**: **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny all of the allegations in this paragraph.**

53.     At all times material to this complaint the Defendant City of Chicago and its Police Department, Superintendents, LP.R.A., I.A.D., Personnel Division and/or Police Board had interrelated defacto policies, practices, and customs that were the moving force of the misconduct described in this Complaint.

**ANSWER**: **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph.**

54. Defendants' misconduct was undertaken pursuant to one or more interrelated defacto policies, practices and/or customs of the City of Chicago, its Police Department, Police Board, I.P.R.A., I.A.D., Personnel Division, and/or Superintendents are guilty of one or more of the following wrongfully acts or omissions:

a. failing to properly hire, train, supervise Police Officers;

b. failing to properly train and supervise Chicago Police Officers with regard to discharging their weapons at civilians;

c. refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force; thereby leading City Of Chicago Police Officers to believe their actions will never be scrutinized and in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, City Of Chicago Police Officers accused of excessive force can be confident that the Independent Police Review Authority will not adequately investigate those accusations and will refuse to recommend discipline even where the Officer has engaged in excessive force;

d. failing to retrain and/or otherwise control Police Officers who engage in wrongful excessive force and/or unjustified shootings against civilians;

e. failing to establish appropriate policies and procedures to address and correct the repeated use of excessive force by Police Officers in traffic stops;

f. inadequately and/or failing to independently and adequately investigate complaints or allegations of excessive force and of other types of misconduct by fellow Police Officers, including the use of excessive force against civilians to protect fellow officers from disciplinary, criminal and civil actions in violation of civilian rights and privileges;

g. covering up the criminal and/or wrongful activities of fellow Police Officers, by falsely reporting, falsely or improperly investigating, committing perjury and being dishonest in violation of the rights and privileges of civilians including Plaintiff;

h. tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights, including the right to be free of interference with their right of association with their right to be free in their bodily integrity, and security in their persons;

i. allowing the continuance in force and effect of policies and procedures which resulted in the use of outrageous and excessive force against civilians, including Plaintiff;

j. as a matter of both policy and practice, the City of Chicago Police Department facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of defendant city's agents, servants, and employees in its Police Department;

k. failing to, as a matter of express policy of Defendant City Of Chicago to retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing Defendant City Of Chicago from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

l. allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware, including the unjustified discharge of an officer's weapon, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges,

in cases where they and their fellow officers have used excessive force and/or engaged in unjustified shootings of civilians;

**ANSWER:** **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny that they engaged in any misconduct and therefore deny the allegations in this paragraph, including all sub-parts.**

55. The defacto policies including the "police code of silence" are interrelated and exacerbate the effects of each other and said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and encouraged the subject Defendant officers to conduct the aforesaid acts against Plaintiff and therefore acted as the moving force and were, separately and together, direct and proximate causes of the injuries to Plaintiff.

**ANSWER:** **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny the allegations in this paragraph.**

56. The defacto policies including the "police code of silence" were carried out with a conscious disregard for the rights and safety of Plaintiff, thereby justifying the award of exemplary and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

**ANSWER:** **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny all of the allegations in this paragraph.**

57.     As a result of this unreasonable use of force, Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and his overall health, strength, and vitality have been greatly impaired.

**ANSWER**:     **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants deny that they engaged in any misconduct and therefore deny all of the allegations in this paragraph.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387 request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### COUNT VI: Malicious Prosecution (State Claim)
### *Against All Defendants*

58.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**ANSWER**:     **Defendants re-state and re-allege each of their answers to the foregoing paragraphs, as though fully set forth herein.**

59.     By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

60.     Defendant City Of Chicago is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City Of Chicago, and while acting within the scope of this employment.

**ANSWER**:     **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants admit that they acted within the scope of their employment, but deny that they engaged in any misconduct.**

61.     As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER**:     **Defendants deny the allegations in this paragraph.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387 request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### COUNT VII: 745 ILCS 10/9-102 – INDEMNIFICATION
#### *AGAINST DEFENDANT CITY OF CHICAGO*

62.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs, as though fully set forth herein.

**ANSWER**:     **Defendants re-state and re-allege each of their answers to the foregoing paragraphs, as though fully set forth herein.**

63.     Defendant City of Chicago is the employer of the Defendant Officers.

20

**ANSWER**:    **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants admit the allegations in this paragraph.**

64.    The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER**:    **The allegations of this paragraph are not directed toward these defendants, and therefore these defendants make no answer thereto. To the extent that an answer from these defendants is required, Defendants admit that they were acting under color of law and within the scope of their employment, but deny that they engaged in any misconduct.**

WHEREFORE, Defendant s, Chicago Police Officers Jamie Gaeta #17317, Harry Matheos #18599, Matt Dercola #15740, James Whigham #3462 and Kathleen Schmidt #11387 request judgment in their favor and against the Plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

**<u>AFFIRMATIVE DEFENSES</u>**
**FIRST AFFIRMATIVE DEFENSE**
**(Qualified Immunity)**

Defendants are government officials, namely police officers, who performed discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendants could have believed their actions to be lawful, in light of clearly established law and information that the Defendants possessed.  Therefore, the Defendants are entitled to qualified immunity as to the Plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE**
**(Legal Justification)**

When a police officer has probable cause to believe that a person is committing a crime and during that person's detention and/or arrest physically touches a person and/or uses force necessary to effectuate the arrest, a police officer is justified in touching even if that person did not authorize or consent to the touching or detention by a police officer. *Roy v. Coyne,* 259 Ill. App. 3d. 269, 281 (Ill. App. Ct. 1994). Additionally, under the Fourth Amendment, an officer's right to make an arrest, investigatory stop, or other seizure of a person includes the right to use some degree of physical force/touching, but the detention and the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Catlin v. City of Wheaton*, 574 F.3d 361, 366 (7th Cir. 2009)

### THIRD AFFIRMATIVE DEFENSE
### (Tort Immunity Act)

Defendants were public employees serving in positions that involved the exercise of discretion, and they are therefore not liable for any injury to the plaintiff arising from their acts/omissions in exercising that discretion. 745 ILCS 10/2-201.

### FOURTH AFFIRMATIVE DEFENSE
### (Tort Immunity Act)

Defendants were acting within the scope of their employment as police officers at all times relevant to this Complaint, and as such public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

### FIFTH AFFIRMATIVE DEFENSE
### (Tort Immunity Act)

Defendants were acting in the scope of their employment as police officers at all times relevant to this Complaint, and as such are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

## SIXTH AFFIRMATIVE DEFENSE
### (Tort Immunity Act)

Defendants, as  public employees, were acting in the scope of their employment as police officers at all times relevant to this Complaint, and did not institute or prosecute the judicial proceeding in this case maliciously and without probable cause.  As a result, they are not liable for any injury caused by instituting or prosecuting the judicial proceeding in this case.  745 ILCS 10/2-208.

## SEVENTH AFFIRMATIVE DEFENSE
### (State Comparative and Contributory Negligence Law)

To the extent that any damages claimed by Plaintiff against the Defendants was caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff, even if the Defendants are liable for damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of the Plaintiff, which was the proximate cause of his damages.

In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when Plaintiff is more than 50% of the proximate cause of the damages for which recovery is sought.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

Defendants reserve the right to supplement these affirmative defenses as more information becomes available through the litigation in this matter.

## JURY DEMAND

Defendants demand a trial by jury.

Respectfully submitted, this 21st day of April, 2017

*/s/ Brian P. Gainer*
One of the Attorneys for Defendants Chicago Police Officers Gaeta, Matheos, Dercola, Whigham and Schmidt

Brian P. Gainer
Monica Gutowski
Kevin A. Pacini
JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
Tel: (312) 372 0770
Fax: (312) 372-9818
Email: gainerb@jbltd.com
Email: gutowskim@jbltd.com
Email: pacinik@jbltd.com

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, hereby certify that I caused to be served Defendants' Answer to Plaintiff's Complaint on April 21, 2017, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Brian P. Gainer*
One of the Attorneys for Defendants Chicago Police Officers Gaeta, Dercola, Matheos, Whigham and Schmidt

Brian P. Gainer
Monica Gutowski
Kevin A. Pacini
JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
Tel: (312) 372 0770
Fax: (312) 372-9818
Email: gainer@jbltd.com
Email: gutowski@jbltd.com
Email: pacinik@jbltd.com